LAW OFFICE OF SARA JO BUEHLER, LLLC

SARA JO BUEHLER #8280
CHRISTIAN P. GRAY #9715
1110 Nu`uanu Ave, Suite 8
Honolulu, Hawaii 96817
Telephone: (808) 829-7474
Email: sara@sarajolaw.com
         christy@sarajolaw.com

Attorneys for Plaintiff
CHUN HAN WANG

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHUN HAN WANG,<br><br>          Plaintiff,<br><br>     vs.<br><br>UNIVERSITY OF HAWAIʻI AT MANOA;<br>DAVID LASSNER; PETER ARNADE;<br>DAN BOULOS; JOHN DOES 1-20; JANE<br>DOES 1-20; and DOE GOVERNMENTAL<br>AGENCIES 1-20;<br><br>          Defendants. | CIVIL NO.  _____<br>(Other Civil Action)<br><br>COMPLAINT; DEMAND FOR JURY<br>TRIAL; SUMMONS |

## **COMPLAINT**

COMES NOW, Plaintiff CHUN HAN WANG ("Plaintiff"), by and through his attorneys,

LAW OFFICE OF SARA JO BUEHLER, LLLC, hereby complains against the above-mentioned

Defendants and alleges and avers as follows:

## I.   <u>JURISDICTION AND VENUE</u>

1.   This Court has subject matter jurisdiction over the claims set forth in this Complaint pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under Title VII of the Civil Rights Act, as amended, and supplemental jurisdiction of Plaintiff's state claims against Defendants.

2.   The acts, omissions and transactions alleged herein occurred entirely in the State of Hawaii.  Pursuant to 28 U.S.C. § 1391(b), venue is therefore proper in this Court.

3.   On or about August 30, 2018, Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, dated August 27, 2018.

4.   On or about September 14, 2018, Plaintiff received a Notice of Dismissal and Right to Sue from the Hawai`i Civil Rights Commission, dated September 11, 2018.

## II.   <u>PARTIES</u>

5.   Plaintiff Chun Han Wang ("Plaintiff") is, and at all times relevant herein, was a resident of the City and County of Honolulu, State of Hawaii.

6.   At all times relevant herein, Defendant University of Hawai`i at Manoa ("Defendant UH Manoa") was and is a public co-educational research university and a governmental entity of the State of Hawai`i.

7.   Defendant David Lassner ("Defendant Lassner") is and, at all times relevant herein, was a resident of the City & County of Honolulu, State of Hawaii.

8.   Defendant Peter Arnade ("Defendant Arnade") is, and at all times relevant herein was a resident of the City & County of Honolulu, State of Hawaii.

9.   Defendant Dan Boulos ("Defendant Boulos") is, and at all times relevant herein was a resident of the City & County of Honolulu, State of Hawaii.

10. At all times relevant herein, all actions taken by any agent and/or employee of the Defendant UH Manoa were within the scope of that individual's office or employment.

11. At all times relevant herein, all allegations made against Defendants include allegations for collective and/or individual action taken through their employees and/or agents.

12. Defendants JOHN DOES 1-20; JANE DOES 1-20; and DOE ENTITIES 1-20 (hereinafter "Doe Defendants") are individuals, corporations, partnerships, entities or governmental units named hereunder fictitious names for the reasons that their true identities are presently unknown to Plaintiff, except that they are persons and/or entities who are subsidiaries, agents, associates, masters, servants, employees and/or who were in some manner presently unknown to Plaintiff engaged in activities alleged in the Complaint filed herein; and/or who are in some manner responsible for the damages to Plaintiff; and/or who conducted some activity in a negligent and/or intentional manner, which negligent and/or intentional conduct was a proximate cause of the injuries or damages to Plaintiff; and/or who are in some manner related to the named Defendants; and Plaintiff pray leave to insert herein their true names and capacities, activities, and/or responsibilities when the same are ascertained.  Plaintiff has conducted research through third-parties in order to identify the persons and/or entities liable for damages to Plaintiff complained of herein.  Plaintiff at this time is unable to identify the names and individuals of the person and/or entities of other Defendants until Plaintiff proceeds with discovery.

## III.    STATEMENT OF FACTS

13. Plaintiff brings this action for equitable relief and monetary damages as a result of the following acts and occurrences:

      a.   Defendants discriminated against Plaintiff in violation of Title VII of the Civil Rights Act; and

   b. Defendants retaliated against Plaintiff by denying him promotion to Full
      Professor (Rank 5) for reporting discrimination by other faculty members
      and Defendants, including Defendants Boulos, Arnade and Lassner, all of
      whom were directly involved in the decision-making process for
      promotion.

14. During Plaintiff's employment with Defendant UH Manoa, Plaintiff has been discriminated against because of his national origin/ancestry/ethnicity (Chinese/Taiwanese) and/or because he is foreign born (not U.S. born).

15. During Plaintiff's employment with Defendant UH Manoa, Plaintiff was discriminated against in terms and conditions of his employment with Defendant UH Manoa through less favorable treatment/assignments, denial of promotions and pay disparity, compared to similarly situated non-Chinese/Taiwanese and U.S. born co-workers (other faculty members).

16. Plaintiff brings this action as a result of Defendants' retaliation against him after he complained about his colleague (also non-American) being discriminated against and after he reported that he himself was being discriminated and retaliated against by other faculty, including Defendants Boulos and Arnade.  Plaintiff reported multiple times his complaints of discrimination/retaliation to multiple supervisory and managerial employees of Defendant UH Manoa, including the Interim Chancellor of University of Hawai`i at Manoa, Defendant Lassner; however, those complaints fell upon deaf ears.  Instead of investigating or disciplining or in any way acting to rectify the situation, Defendants retaliated against Plaintiff by denying him promotion to Full Professor (Rank 5).

17. The retaliation was known and tolerated by Defendants and their supervisory and managerial employees.

18. In retaliation for Plaintiff's complaints, Defendants created a pretextual basis for denying him promotion.

## FACTS

19. Plaintiff was hired by Defendant University on August 1, 2008 as an Assistant Professor (Rank 3) in the Academy for Creative Media ("ACM"), College of Arts and Humanities, at the University of Hawai`i at Manoa.

20. At the time of hire, Plaintiff, who was born in Taiwan, was a U.S. permanent resident but not a U.S. Citizen.

21. On July 1, 2012, Plaintiff was awarded tenure at Defendant UH Manoa, and as part of the tenure grant, on August 1, 2012, he was promoted to Associate Professor (Rank 4).

22. In Fall 2016, Plaintiff applied for promotion from Associate Professor (Rank 4) to Full Professor (Rank 5).

23. For Fall 2016, and pursuant to then current Defendant UH Manoa policy, guidelines and procedures, and then current University of Hawai`i Professional Assembly-Board of Regents (UHPA-BOR) Collective Bargaining Agreement, the application process for promotion included five separate review levels: (i) Faculty (Department) Personnel Committee ("FPC"); (ii) Department Chair; (iii) Dean of the College where the applicant works; (iv) Tenure and Promotion Review Committee ("TPRC"); and (v) Chancellor.  Additionally, an applicant for promotion could appeal negative promotion decisions and request further review.

24. The first level of promotion review, the FPC, was a "local" level (or department level) review conducted by a committee of senior tenured faculty members from the applicant's home department or unit.  The FPC had to have at least five (5) senior tenured members of equal

or higher rank to which the applicant has applied.  For an applicant to Full Professor (Rank 5), all 5 voting members of the FPC therefore must be Full Professor (Rank 5) or higher.

25. The second level of promotion review was with the Department Chair, who is supposed to provide the perspectives of how the faculty member's work fits within the Department mission, goals and curriculum.

26. The third level of promotion review was with the Dean of the College where the applicant works, who is supposed to provide a broader level of review of the applicant's work in terms of the department, campus and the national impact, and make his or her independent assessment and recommendation.

27. The fourth level of promotion review was the TPRC, which consisted of tenured faculty from across the UH Manoa campus, excluding the applicant's home department or college. The TPRC is supposed to analyze the applicant's accomplishments and contributions to his or her department, college, and entire UH Manoa campus, compared to other faculty within the same classification and rank across UH Manoa.

28. The final level of promotion review was with the Chancellor.

29. If there are any negative recommendations with respect to the promotion application, the Chancellor's office will notify the applicant who then can review their dossier and submit additional information for review by the TPRC if the TPRC was negative, or by the Chancellor if the TPRC was positive.

30. In Fall 2016, Defendant Boulos was the Department Chair for ACM, Defendant Arnade was the Dean of the College of Arts & Humanities, and Defendant Lassner was the Interim Chancellor of UH Manoa and President of the University of Hawai`i system.

31. In September 2015, prior to Plaintiff's application for promotion in Fall 2016, Plaintiff verbally complained to then current ACM Chair, Anne Misawa (who was also his direct supervisor), about what he reasonably perceived to be discrimination against another faculty member of ACM based on national origin.  Plaintiff recused himself from a committee position in protest of that discrimination.

32. In September 2016, Defendant Boulos (then current ACM Chair) warned Plaintiff that Defendant Arnade's office did not support Plaintiff's promotion because of his September 2015 recusal from a committee position, which he made in protest of discrimination he had reported to then ACM Chair Misawa.

33. Defendant UH Manoa and Defendant Arnade allowed three underqualified ACM Associate Professors (Rank 4), including Misawa, to become members of the FPC and to review Plaintiff's application for promotion to Full Professor (Rank 5) in violation of UH Manoa policy and procedure.  Additionally, in violation of existing policy and procedures, the three Rank 4 faculty were allowed to be present during FPC deliberations and voting, even though they were not allowed to cast votes themselves.

34. As part of the promotion review process, external evaluations by non-UH scholars were solicited. The external evaluations provide an opinion about the scholarly contributions which the applicant has made in his/her field and they provide an opinion whether or not they recommend promotion at UH Manoa.

35. The FPC that evaluated Plaintiff's application considered seven qualified external evaluation letters for Plaintiff's promotion deliberations.  Six of the seven external reviewers provided favorable evaluations of Plaintiff and recommended promotion, while only one external reviewer recommended against promotion.

36. The one negative external evaluation was noticeably prejudiced against Plaintiff, containing numerous inaccuracies, falsehoods and defamatory insinuations that five of the six FPC voting members and all three FPC non-voting members willfully ignored.

37. The FPC voted 5-1 against promotion and in their majority report, submitted on or about November 30, 2016, they based the majority of their denial of promotion on the one negative external review that contained numerous inaccuracies and falsehoods.

38. On or about December 2, 2016, Defendant Boulos, then ACM Chair, also recommended against Plaintiff's promotion in a self-contradicting assessment report where he refuted several falsehoods, then willfully embraced the one rogue negative external evaluation that insinuated those falsehoods as justification for denying Plaintiff a promotion.

39. On or about December 14, 2016, Defendant Arnade, Dean of the College of Arts & Humanities, also recommended against Plaintiff's promotion and in his assessment report he misrepresented Plaintiff's September 2015 recusal from a committee and misrepresented the credentials of the six positive external reviewers to discredit their support of Plaintiff's promotion.

40. The negative assessments submitted by the FPC, Defendant Boulos and Defendant Arnade, which were filled with inaccuracies skewed and clouded Plaintiff's accomplishments and resulted in the TPRC initially recommending against promotion for Plaintiff in a vote of 6 against promotion to a vote of 2 for promotion.

41. As part of the appeal process, on or about March 6, 2017, Plaintiff submitted a Rebuttal Statement to the Chancellor (Defendant Lassner) and the TPRC committee, in which he outlined: (i) discrimination against himself based on his foreign national origin/ethnicity in the form of hostile work environment, unfavorable treatment, disparity in pay and the negative

promotion assessments he received; and (ii) outlined the inaccuracies in the negative promotion assessments by the FPC, Defendant Boulos (ACM Chair) and Defendant Arnade (Dean of College of Arts & Humanities.

42. After re-reviewing Plaintiff's application materials and his formal Rebuttal Statement, the TPRC reversed itself and found promotion should be granted for Plaintiff in a vote of 5 for promotion and 3 against promotion.  The TPRC stated in their assessment that it did not appear appropriate that three ACM Associate Professors were allowed to deliberate with the FPC on the matter of Plaintiff's promotion to Full Professor, and expressed concern that the FPC, Chair and Dean level review overly focused on the one negative external review and agreed with Plaintiff that the external reviewers providing positive review were reputable.

43. On or about April 21, 2017, Defendant Lassner (Interim Chancellor for UH Manoa), the last step in the promotion review process, despite the TPRC's recommendation to promote and their stated concerns with the process, voted to deny promotion to Plaintiff.

44. Despite Plaintiff's claims of discrimination and in violation of UH Manoa policy, Defendant Lassner did not refer Plaintiff's complaints of discrimination for investigation and instead denied his promotion.

45. On May 2, 2017, Plaintiff met with Defendant Lassner to discuss Defendant Lassner's denial of Plaintiff's promotion.  In that meeting Plaintiff reiterated his complaints of discrimination and retaliation and reiterated the inaccuracies of the negative promotion assessments.

46. Rather than investigate Plaintiff's complaints, or even acknowledge them, on May 15, 2017, via letter, Defendant Lassner affirmed his denial of promotion for Plaintiff.

47. During the same promotion cycle that Plaintiff was denied promotion, at least one other similarly situated U.S. born, non-Taiwanese/Chinese Associate Professor (Rank 4) with equal or lesser qualifications than Plaintiff was granted promotion to Professor (Rank 5) by Defendant Lassner and Defendant UH Manoa.

48. Plaintiff, since his date of hire in 2008, has suffered unequal lower pay in comparison to similarly situated U.S. born co-workers.

49. On or about May 16, 2017, Plaintiff filed a dual claim of national origin/ancestry discrimination and retaliation with the U.S. Equal Employment Opportunity Commission and the Hawai`i Civil Rights Commission.

## IV.   CAUSES OF ACTION

COUNT I

*National Origin / Ancestry Discrimination Under Title VII Civil Rights Act of 1964,*
*42 U.S.C. § 2000e et seq., and Hawaii Revised Statutes § 378-2*

50. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

51. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination in the terms and condition of employment due to national origin / ancestry.

52. Plaintiff was treated less favorably than others and/or was not treated on an equal basis by Defendants due to his national origin/ancestry (Chinese/Taiwanese and non-U.S. born) in that Defendants denied his promotion but granted promotion to other U.S. born and/or non-Chinese/Taiwanese faculty who was/were of equal or even lesser qualifications, and in terms of unequal pay.

53. The aforesaid acts and /or conduct of Defendant UH Moana and its employees/agents constitutes discrimination as they were acts and/or failure to act by Defendant

and its employees/agents in direct violation of Title VII of the Civil Rights Act of 1964, as amended.

54. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, injuries and damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

55. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered physical and emotional distress, mental anguish, outrage, depression, severe anxiety about his future, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment and humiliation among his friends and co-workers which is manifest in emotional distress, disruption of his personal life, loss of productivity, loss of motivation and loss of enjoyment of the ordinary pleasures of everyday life.

<u>COUNT II</u>
*Retaliation under Title VII Civil Rights Act of 1964,*
*42 U.S.C. § 2000e et seq., and Hawaii Revised Statutes § 378-2*

56. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

57. During the course of his employment with Defendant UH Moana Plaintiff engaged in statutorily protected activity by complaining about and reporting discrimination.

58. In September 2015, Plaintiff reported and opposed discrimination to Defendant UH Manoa, through then ACM Chair Anne Misawa.

59. In March 2017, Plaintiff again reported and complained of discrimination to Defendant UH Manoa, through a rebuttal statement letter to Defendant Lassner and the TPRC.

60. In May 2017, Plaintiff again reported and complained of discrimination to Defendant UH Manoa and Defendant Lassner verbally during an in-person meeting with Defendant Lassner.

61. Defendant UH Manoa through its agents and employees, including Defendants Lassner, Arnade and Boulos, unlawfully retaliated against Plaintiff by wrongfully denying his promotion and failing to investigate his claims after Plaintiff engaged in protected activities.

62. As a direct and proximate result thereof, Plaintiff suffered economic, general and special damages, including physical injury, sickness, mental and emotional distress, and lost income and employment opportunities.

WHEREFORE, Plaintiff prays for Judgment against the Defendant jointly and severally as follows:

A.  For special damages in amounts to be proven at trial.

B.   For general damages in amounts to be proven at trial.

C.   For punitive damages in amounts to be proven at trial.

D.   For payment of reasonable attorneys' fees and costs.

E.   For further legal and equitable relief as provided by law.

F.  For such other relief as the Court deems appropriate.

DATED: Honolulu, Hawai`i, November 26, 2018.

_/s/ Christian P. Gray_____
CHRISTIAN P. GRAY
SARA JO BUEHLER

Attorneys for Plaintiff
CHUN HAN WANG